Smith, P. J.
This action is brought to recover a balance of account alleged, to be due to the plaintiff, a corporation, for goods sold and delivered to the defendant by the plaintiff’s assignors, composing the firm of A. A. Gaylord & Co., of Cleveland, Ohio.
The only dispute relates to the last two items of the account, one dated August 16, 1879, of $90.90, and the other August 27, of $7.50, the plaintiff claiming that merchandise, consisting of hghtning rods and fixtures, to those amounts, respectively, was ordered by the defendant on or about the dates mentioned from Gaylord & Co., and that the goods so ordered were sent to and received by him; and the defendant denying that he ever either ordered or received the goods or any portion of them, and that he ever authorized any other person to' order or receive the goods or receipt for them.
It is contended by the appellant’s counsel that the findings of the trial judge adverse to his client upon the issues above stated are against the weight of evidence.
It appeared by uncontradicted evidence that on the 16th of August, 1879, Gaylord & Co. received an order by mail, and on the 27th of August an order by telegraph, purporting to be signed by the defendant, for goods which they shipped at those dates, respectively, directed to the defendant at Buffalo.
The written order and telegram were not produced at the trial, but evidence was given tending to show their destruction or loss, which we think justified the admission of secondary proof of their contents.
Mr. Bacon, a witness called by the plaintiff, testified that the order of August 16th was received by himself personally, he being then one of the firm of Gaylord & Co.; that it was in a letter which was in the handwriting of the defendant, the same writing that he had always sent his prior orders in, and was signed by him; that witness knew his handwriting and it was' his.
An objection to paroi proof of the contents of the letter was taken at an earlier stage of the trial, and the court had ruled that if proof of the loss of letters and orders was not given paroi evidence of their contents would be stricken out, but no such objection appears to have been made after the evidence above referred to, tending to show the destruction or loss of the order and telegram, was introduced. The testimony of the witness Bacon, above stated, may therefore be regarded as having been received without objection. But, as has already been suggested, if it had been objected that the non-production of the letter and telegram had not been accounted for, the objection would not have been well founded.
*428 In respect to the item of August 16th, a witness, Baker, called by the plaintiff, testified that he was the general agent of the Lake Shore and Michigan Southern Railroad Co. for delivering freight at Buffalo, and he produced what he called a delivery book of freight of that company, containing original entries of freight deliveries for the month of August, 1879. Among the entries therein was a receipt of one box of lightning rods, shipped from- Cleveland to James Rogers in August, 1879. ■ The witness testified that the box was delivered by himself, on the order of James Rogers to J. J. Weaver, August 17, 1879, and the receipt was signed by Weaver on the day of its date. He also testified that it was a strict rule of the company not to deliver any freight to any person other than the consignee, without the order of the consignee, and that the rule was not departed from in this instance.
Weaver was not produced as a witness.
' In regard to the item of August 27, the witness Bacon testified that he sent it by express as ordered, and he produced what he testified was a delivery receipt book of the Buffalo office of the American Express Company for 1879, which contained a receipt dated 29 August, 1879, which the witness testified was for the same package that he sent to the defendant to fill his order as telegraphed, and the signature to which the witness stated was in the handwriting of the defendant. The receipt was put in ¿vidence. Obviously, the testimony introduced by the plaintiff was prima facie proof, at least, of a sale and delivery of each item of the goods to the defendant.
' We have examined the testimony given on the part of the defendant. It raises a conflict, but it is not so preponderating as to justify us in holding that the findings are against the weight of evidence, and the decision of the trial judge upon the questions of fact must therefore be regarded as conclusive.
The judgment should be affirmed.
Barker, Haight and Bradley, JJ., concur.
Affirmed.